## J. E. HENRY *v.* GEORGE L. EVERTS.

EVIDENCE TO SHOW SALE FRAUDULENT.—The fact that the purchaser of a mining claim, after his purchase, takes a large amount of gold dust out of the same, is not admissible in evidence for the purpose of proving that the sale was fraudulent as to the creditors of the vendor by reason of inadequacy of the price paid.

EVIDENCE AS TO VALUE OF PROPERTY.— In ascertaining whether an adequate price was paid for a piece of property at the time of its sale, the evidence should be restricted to the question of what its market value was at that time.

RESTRICTION OF OPERATION OF EVIDENCE. — If a party introducing evidence during the progress of a trial announces the purpose for which it is introduced, the evidence will be restricted to the purpose announced.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

On the 3d day of March, 1862, P. Everts sold to George L. Everts, the defendant, three tracts of mining claims, called the Last Chance claims, the Keystone claims, and the Bucannan claims. July 31st, 1862, the plaintiff recovered a judgment against P. Everts in the District Court, upon which he afterwards issued an execution and sold the claims, and became the purchaser at the Sheriff's sale, and no redemption being made, afterwards obtained a Sheriff's deed. He then brought the present action to recover possession of the claims, and

sought to prove on the trial that the sale from P. Everts to George L. Everts was fraudulent.

For the purpose of showing that the sale was fraudulent, plaintiff relied in part on the alleged inadequacy of the price paid.

Plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*Chas. A. Tuttle,* for Appellant.

*Jo. Hamilton,* for Respondent.


By the Court, RHODES, J.

It appears from the statement on motion for new trial, that the plaintiff, for the alleged purpose only of proving the value of the Last Chance claims, and the inadequacy of the price paid for those claims by the defendant at the sale by P. Everts, as evidenced by the deed of the 3d of March, 1862, proved by several witnesses that the defendant "after his said purchase, took out large sums of money in gold dust while mining said Last Chance claims, amounting to many thousand dollars over expenses."

In ascertaining whether the price paid for a parcel of property was adequate, the inquiry is what was the market value of the property at the time of sale. The market value may be, and often is, quite different from the real, the intrinsic value. In many instances the property may possess a value or be subject to a defect that neither the vendor nor purchaser can discover by the exercise of the greatest circumspection and diligence until after the property has for a long time been appropriated to the purposes for which it was purchased. This is peculiarly the case with a mine. Its real value at a given time is ascertainable only when the mine has been exhausted, and it is therefore impossible that the real value can aid in determining the market value.

The only service that evidence showing the inadequacy of

the price paid for the claims by the defendant would perform, in an attack upon the sale by the plaintiff as a creditor of the defendant's vendor on the ground of fraud, would consist in its tendency to show the *scienter* of the defendant, at the time of his purchase; for if the price paid was far below the true value, and that fact was unknown to the defendant, he is not chargeable on that ground with the consequences of the fraudulent acts of his vendor in making the sale in fraud of his creditors. It requires no argument to prove that evidence showing the amount of gold extracted from the mine subsequent to the sale does not tend to prove knowledge by the purchaser of the real value of the mine.

The error in admitting such testimony was not rendered immaterial or productive of no injury to the defendant, by the introduction in evidence of the judgment roll in the case of *Henry* v. *P. Everts and G. L. Everts*, in which the vendor's lien upon the undivided half of the Keystone claim was enforced, and the sale by P. Everts to G. L. Everts was held fraudulent and void as against the plaintiff; for the plaintiff offered it in evidence as appears from the statement " only as foundation for plaintiff's title papers introduced in evidence as hereinafter specified, to wit: execution of Sheriff's (Gooding) and Bullock's deeds." The operation of the evidence was restricted to the purpose announced when the judgment roll was offered and admitted.

Judgment reversed and the case remanded for a new trial.